IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

McCOURTNEY LEDAVIS MONGHAN,    :

    Petitioner,    :

                               CIVIL ACTION 09-0750-WS-M

v.    :

                               CRIMINAL ACTION 08-00152-WS-M

UNITED STATES OF AMERICA,    :

    Respondent.    :


MEMORANDUM OPINION AND ORDER

    A hearing was held on August 24, 2011 to allow the Parties to orally make their arguments regarding the evidentiary hearing to be held on September 8.  More specifically, the Court wished to give them the opportunity to further discuss holding that hearing via teleconference.  Petitioner (Doc. 68) and Respondent (Doc. 67) have filed briefs regarding this issue and, in Court at this hearing, they again argued their positions.

    Monghan's attorney has argued that Petitioner's claim that his trial attorney was ineffective in failing to file a notice of appeal and appeal his sentence as directed is a "substantial issue of fact related to events in which [he] was a participant" (Doc. 68, p. 1).  The argument, essentially, is that Monghan is the only one who can provide the necessary testimony to prove this claim and that his physical presence is required to give

1

that testimony and rebut whatever evidence the Government produces.

The Court notes initially that the statute under which Monghan brings his Motion to Vacate specifically states that "a court may entertain and determine such motion without requiring the production of the prisoner at the hearing." 28 U.S.C. § 2255(c). Petitioner has directed the Court's attention to *United States v. Hayman*, 342 U.S. 205, 224 (1952), in which the United States Supreme Court held that "the District Court erred in determining the factual issues raised by respondent's motion under Section 2255 without notice to respondent and without his presence." The Court notes, however, that the Supreme Court, eleven years later in another § 2255 case, stated the following:

> On remand, a hearing will be required. This is not to say, however, that it will automatically become necessary to produce petitioner at the hearing to enable him to testify. Not every colorable allegation entitles a federal prisoner to a trip to the sentencing court. Congress, recognizing the administrative burden involved in the transportation of prisoners to and from a hearing in the sentencing court, provided in § 2255 that the application may be entertained and determined "without requiring the production of the prisoner at the hearing." This does not mean that a prisoner can be prevented from testifying in support of a substantial claim where his testimony would be material. However, we think it clear that the sentencing court has discretion to ascertain whether the claim is

2

> substantial before granting a full
> evidentiary hearing.

*Sanders v. United States*, 373 U.S. 1, 20-21 (1963). *Sanders* clearly reiterates § 2255's statement that a petitioner's presence at a hearing is discretionary with the Court.

Evidence was provided at the August 24 hearing, by way of a United States Marshal's Office Representative, indicating that the institution where Monghan is presently incarcerated, the Federal Medical Center in Springfield, Missouri, had enquired about the possibility of holding the evidentiary hearing on September 8 by teleconference. The specific communication from Springfield was that "Petitioner is very ill. He takes dialysis 3 times a week. Each treatment is for 6 hours. It would be a huge expense in making traveling arrangements for Petitioner and then making arrangements at Metro Jail for his dialysis, not to mention having a guard with him at all times." There was further testimony, through that Representative, that it was the opinion of officials at the Springfield institution that it was in Monghan's best interest, health-wise, to stay at the prison hospital and not come here for the September 8 hearing.

A Court Information Technology Representative, from this Court, stated at the August 24 hearing that the district court judge courtrooms have technology available so that Monghan could

testify at the September 8 proceeding from the Springfield institution and could be seen and heard by all at the hearing here in Mobile. Likewise, Petitioner would be able to see and hear all evidence presented at the hearing from the Springfield institution. The Representative further noted that a phone could be provided here in Mobile so that Monghan and his attorney could privately confer during the hearing; it will be necessary, however, for the Springfield institution to provide a phone to Monghan to complete this private connection. The Court further noted that a break could be entered into during the hearing to specifically facilitate communications between Counsel and Petitioner.

After considering the briefs and arguments of the Parties, as well as the evidence provided by the U.S. Marshal Representative and the Court Information Technology Representative, the Court finds that conducting the September 8 hearing by video teleconference will satisfy the requirement that Petitioner be afforded a full and fair hearing. The Court finds that Monghan's health dictates that he remain at the Springfield institution as current technology provides him the opportunity to be virtually present for the hearing and present his claim to the Court. The Court further acknowledges that judicial resources will be conserved by conducting the hearing

4

by teleconference.

In reaching this decision, the Court finds that it is the specific circumstances presented in this action which lead the Court to this decision.  The Court would further emphasize that great consideration was given, in reaching the decision, to the fact that Monghan has only one claim to present and that the Court believes that there will be only a limited number of witnesses to testify.

Therefore, Monghan's Demand (Docs. 65, 68) is **DENIED**.  Furthermore, the Writ of Habeas Corpus Ad Prosequendum (Doc. 60) is **RESCINDED**.  The evidentiary hearing scheduled on Thursday, September 8, 2011, at 11:00 a.m. at the United States Courthouse in Mobile, Alabama will be moved, however, to Courtroom 5B.

To facilitate the hearing, Monghan's trial attorney, Donnis Cowart, is **ORDERED** to file an affidavit with the Court, **not later than September 2, 2011**, responding to Petitioner's claim that he was ineffective in failing to file a notice of appeal and appeal his sentence as requested by Monghan.

DONE this 26th day of August, 2011.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE